UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stacey Thompson Cody,

    Plaintiff,

    v.                                      Case No. 1:05cv579

Allstate Indemnity Company,         Judge Michael R. Barrett

    Defendant.

**OPINION & ORDER**

This matter is before the Court upon Defendant Allstate Indemnity Company's ("Allstate") Motion for Summary Judgment (Doc. 31) and Third Party Defendant Jayson Cody's Motion for Summary Judgment (Doc. 47).  The Parties have filed their respective Responses in Opposition and Replies (Docs. 41, 44, 50, 51, 52, 54, 56).  Also before the Court is Third Party Defendant Jayson Cody's Motion to Strike Affidavits of Schockman and Jones.  (Doc. 42)  Defendant Allstate has filed a Response in Opposition.  (Doc. 45)  This matter is now ripe for review.

**I.    BACKGROUND**

This case arises out of two fires which occurred on August 23, 2004 and August 24, 2004.  The fires occurred in basement of the home of Plaintiff Stacey Cody and her husband, Third Party Defendant Jayson Cody.  At the time of the fires, Stacey Cody had in effect a policy of insurance with Defendant Allstate.  (Doc. 31, Ex. 1)  Stacey Cody was the only insured listed on the policy.[1]  (Id.)  The policy excludes coverage for loss to a

---

[1]The policy shows Stacey Cody's name as Stacey Thompson, her name before marriage to Jayson Cody.

dwelling, other structures or personal property consisting of or caused by:

> 9. Intentional or criminal acts of or at the direction of any insured person, if the loss that occurs:
>
>    a) may be reasonably expected to result from such acts; or
>    b) is the intended result of such acts.
>
> This exclusion applies regardless of whether or not the insured person is actually charged with, or convicted of a crime.

(Id.) The policy also provides: "We do not cover any loss of occurrence in which any insured person has concealed or misrepresented any material fact or circumstance." (Id.)

After the fires, the Codys completed a "Sworn Proof of Loss" statement under the insurance policy, claiming a total loss of $220,000. (Stacy Cody Depo., Ex. 1)

As part of its investigation, Allstate hired Mark Schockman to determine the cause and origin of the fire. (Doc. 32, Mark Schockman Aff.) Schockman determined that the fires were intentionally set. (Id.) Allstate also hired Scott Jones, an electrical engineer, who ruled out electrical causes for the fire. (Doc. 33, Scott Jones Aff.)

Allstate denied the Codys' claim. Allstate relied upon the reports of Schockman and Jones, in combination with the Codys' financial information and testimony. (Doc. 34, Joseph Groh Aff., Ex. 1) Allstate concluded that it was probably Jayson Cody who set both fires. (Id.) Because the Codys denied knowledge of the cause of the fire, Allstate concluded that they concealed and misrepresented material facts and circumstances related to the fires. (Id.)

In her Complaint, Plaintiff Stacey Cody brings a claim of breach of the insurance contract between herself and Allstate. (Doc. 1) Defendant Allstate has brought claims against Third Party Defendant Jayson Cody for fraud, civil arson, violation of Ohio Revised Code § 2909.05 for causing and/or procuring others to cause loss and damage, and

violation of Ohio Revised Code § 2921.13 for falsification. (Doc. 8) Third Party Defendant Jayson Cody brings a claim of breach of the insurance contract in his Counterclaim against Allstate. (Doc. 19)

## II.  ANALYSIS

### A.  Motion to Strike

Jayson Cody argues that Mark Schockman, who performed a cause and origin investigation on behalf of Allstate, is prohibited from testifying because he is not a licensed private investigator. Jayson Cody maintains that under Ohio Revised Code § 4749.01, when Schockman is performing an investigation for hire, he must be licensed. In addition, Jayson Cody argues that the affidavit of Shockman, as well as the affidavit of Scott Jones, should be struck based upon the intentional or negligent spoilation of the electrical distribution panel by the "agents of Allstate."[2]

On November 20, 2007, Allstate filed a certification letter from the Ohio Department of Safety which shows that at the time Schockman performed his investigation, his employer EFI Global was licensed to provide private investigation services in Ohio. (Doc. 56, Ex. A) Ohio Revised Code § 4749.01(B) provides that the "business of private investigation" means "the conducting, for hire, in person or through a partner or employees, of any investigation relevant . . . . to determine the cause of . . . any fire." Because Schockman was employed by EFI Global, who was licensed to conduct an investigation into the cause of a fire, the requirements of the statute were not violated. Therefore, there is no basis to strike Schockman's affidavit under Ohio Revised Code § 4749.01.

---

[2]While it is not entirely clear from the record, it appears that contractors who restored temporary power to the home removed the original distribution equipment.

Jayson Cody argues that Allstate removed the electrical distribution panel from the house and should be sanctioned for the spoliation of this evidence. "Spoliation is the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for the destruction." *Beck v. Haik*, 377 F.3d 624, 641 (6th Cir. 2004). In diversity cases, the rules that apply to the spoiling of evidence and the range of appropriate sanctions are defined by state law. *Nationwide Mutual Fire Ins. Co. v. Ford Motor Co.*, 174 F.3d 801, 804 (6th Cir. 1999); *see also Beck*, 377 F.3d at 641.[3] It appears that the Parties agree that Ohio law governs their dispute.

In Ohio, spoliation of evidence is recognized as an independent tort cause of action. *In re Smartalk Teleservices, Inc. Securities Litigation*, 487 F.Supp.2d 947, 949 (S.D.Ohio 2007). However, in general, a plaintiff may not raise a claim for spoliation of evidence for the first time in opposition to a defendant's motion for summary judgment. *Davison v. Cole Sewell Corp.*, 2007 WL 1892089, *6 (6th Cir. June 29, 2007) (unpublished), *citing Matyok v. Moore*, 2000 WL 1232417, *2 (Ohio Ct. App. Sept. 1, 2000) (unpublished). A plaintiff may also move for sanctions for spoliation of evidence under Ohio Rule of Civil Procedure 37. *See Simeone v. Girard City Bd. of Edn.*, 872 N.E.2d 344, 355 (Ohio Ct. App. 2007).

When sanctions are sought for spoliation of evidence, the proponent must first establish that: (1) the evidence is relevant; (2) that the offending party's expert had an opportunity to examine the unaltered evidence; and (3) that, even though the offending party was put on notice of impending litigation, this evidence was intentionally or

---

[3]The Sixth Circuit has noted that [i]t appears that every other circuit to directly address this issue has concluded that, even in diversity cases, federal law applies to questions of spoliation of evidence and appropriate sanctions." *Davison v. Cole Sewell Corp.*, 2007 WL 1892089, *6, n.4 (6th Cir. June 29, 2007) (unpublished). The court explained that it was bound by *Nationwide Mutual* and *Beck* whether the rule set forth in those opinions is correct or not. *Id.*

negligently destroyed or altered without providing an opportunity for inspection by the proponent. *Id.*, *citing Cincinnati Ins. Co. v. General Motors Corp.*, 1994 WL 590566 (Ohio Ct. App. Oct. 28, 1994).

In his Motion for Summary Judgment, Jayson Cody argues that the electrical distribution panel is relevant evidence because it is the opinion of Cincinnati Fire Department Fire Chief Keith Burkert that "electrical distribution equipment" was the cause of the second fire. However, as Cody admits, Allstate's electrical engineering expert, Jones, was unable to examine the distribution panel before its removal. In addition, the Court notes that the distribution panel was recovered by Schockman, and would have been available for inspection after its removal. Therefore, the Court finds that there is no basis to sanction Allstate based upon the removal of the electrical distribution panel from the Codys' home.

Based on the foregoing, Jayson Cody's Motion to Strike is DENIED.

### B.    Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a

scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

### C. Allstate's Motion for Summary Judgment

Allstate moves for summary judgment on Stacey Cody's claims against it; Allstate's third-party claims against Jayson Cody; and Jayson Cody's counterclaims against Allstate, including his claim for punitive damages.[4] To support its motion directed at Stacey Cody's claims, Allstate relies upon the defenses of arson and the insured's material misrepresentation.

Under Ohio law, arson is an affirmative defense which must be established by proof of a preponderance of evidence that the insured participated in the burning of the property to obtain the insurance proceeds either by personally setting the fire or having someone else set it for him or her. *Caserta v. Allstate Ins. Co.*, 470 N.E.2d 430, 435 (Ohio Ct. App. 1983). There are three elements of the arson defense: (1) fire of an incendiary origin; (2) motive on the part of the insured; and (3) opportunity of the insured to cause the fire. *Id.* at 433.

As proof that the fires were of an incendiary origin, Allstate relies on the reports of Schockman and Jones. However, Jones' report merely rules out "the origin of the fire as from an electrical fault in the premises distribution conductors" or "electrical conductors traversing the floor joists in the room of the second fire as an ignition source for the second fire." (Jones Aff. ¶¶ 7, 8) Jones specifically states that "the ignition source for the second

---

[4] In its Motion, Allstate purportedly moves for summary judgment on its counterclaim against Stacey Cody. However, this counterclaim was never filed.

fire was undetermined and the first fuel to the second fire was undetermined." (Id. ¶ 9) Jones states that he defers to Schockman as to the ignition source of the second fire and the first fuel to the second fire. (Id. ¶ 10) Schockman, in turn, states that in absence of evidence of an electrical cause of the fire, it is his determination that the first and second fires were intentionally set by human hands. (Schockman Aff. ¶¶ 9, 15)

To show that the first fire was not of an incendiary origin, Stacey and Jayson Cody rely on the report of Daniel Merz of the Cincinnati Fire Department. (Burkert Depo., Ex. A) Merz was the incident commander at the scene of the first fire. (Id.) It is Merz's conclusion that the fire was caused by "electrical courts into an outlet." (Id.) To show that the second fire was not of an incendiary origin, Stacey and Jayson Cody rely upon the report and testimony of Burkert, who was the incident commander at the scene of the second fire. (Id., Ex. B) Burkert concluded that the origin of the second fire was "electrical distribution equipment" and the second fire was caused by heat from overloaded wires. (Id.)

The Court finds that there are genuine issues of material fact as to whether the fires were of an incendiary origin. Moreover, even if Allstate is able to show that Jayson Cody intentionally set the fires, Allstate has not presented any evidence that Stacey Cody, the only named insured, directed Jayson Cody to do so. Under Ohio law, the insured's marital relationship with an arsonist does not make him or her accountable for the spouse's misconduct. *Attallah v. Midwestern Indemnity Co.*, 551 N.E.2d 619, 621 (Ohio Ct. App. 1988).

Next, the Court finds that Allstate has presented insufficient evidence of material misrepresentations to support summary judgment. Allstate's motion fails to even identify the alleged misrepresentations by Stacey Cody, the insured.

Based on the foregoing, Allstate is not entitled to summary judgment on Stacey Cody's claims against it.

The Court also finds that Allstate is not entitled to summary judgment on its claims against Jayson Cody for fraud, civil arson, violation of Ohio Revised Code § 2909.05 for causing and/or procuring others to cause loss and damage, and violation of Ohio Revised Code § 2921.13 for falsification.

Under Ohio law, the elements of fraud are (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Aetna Cas. and Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 540 (6th Cir. 2000), *citing Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984). Allstate has not referenced this cause of action in its Motion, or identified any material representations which Jayson Cody has made falsely, or with utter disregard and recklessness as to whether it is true or false that knowledge may be inferred. Moreover, Allstate has not shown its justifiable reliance or resulting injury. Therefore, Allstate is not entitled to summary judgment on its claim of fraud against Jayson Cody.

As to Allstate's claim of civil arson, the Court finds that this claim is merely a restatement of Allstate's defense of arson. *See Hazelwood v. Grange Mut. Cas. Co.*, 2004 WL 3235775, *1 (Ohio Ct. App. March 14, 2004) (unpublished). Accordingly, Allstate is not entitled to summary judgment on this claim.

Ohio Revised Code § 2909.05(A) is a criminal provision for vandalism which provides that "no person shall knowingly cause serious harm to an occupied structure or any of its contents." Ohio Revised Code § 2307.70(A) provides: "Any person who suffers injury or loss to person or property as a result of an act committed in violation of section 2909.05, 2927.11, or 2927.12 of the Revised Code has a civil action and may recover in that action full damages, including, but not limited to, punitive damages and damage for emotional distress, the reasonable costs of maintaining the civil action, and reasonable attorney's fees." Because Allstate has not yet paid for any property damage, the Court finds that Allstate is not entitled to summary judgment on this claim.

Similarly, Ohio Revised Code § 2921.13 is a criminal provision for falsification. Allstate argues that Jayson Cody violated subsection (1), relating to statements made in any official proceeding; subsection (6), relating to statements sworn or affirmed before a notary public or another person empowered to administer oaths; and subsection (9), relating to statements made with the purpose to commit or facilitate the commission of a theft offense. Allstate claims that Jayson Cody made false statements in his sworn statement in the Proof of Loss, his Examination under Oath, and his deposition. Allstate also claims that Jayson Cody made statements with the purpose of facilitating the commission of insurance fraud, which Allstate states is a crime of theft. Ohio Revised Code § 2921.13(G) provides that "[a] person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division." The Court finds that Allstate is not entitled to summary

judgment on its claim under this provision because there are genuine issues of material fact related to whether the statements made by Jayson Cody were false.

However, the Court finds that Allstate is entitled to summary judgment on Jayson Cody's claim against Allstate for punitive damages. Under Ohio law, an insurer has the duty to act in good faith in the handling and payment of the claims of its insured. *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, 1319 (Ohio 1983). "Inasmuch as the breach of the duty to act in good faith is tortious in nature, punitive damages may be recovered against an insurer who breaches his duty of good faith in refusing to pay a claim of its insured upon adequate proof." *Id.*

Yet, whenever an insurance company denies a claim of its insured, it will not automatically expose itself to an action in tort. *Id.* at 1320. "Mere refusal to pay insurance is not, in itself, conclusive of bad faith." *Id.* "[A]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 400 (Ohio 1994). To prevail on a claim of bad faith, the insured "must prove that the insurer's refusal to pay a claim was totally arbitrary and capricious." *Spremulli's Am. Serv. v. Cincinnati Ins. Co.*, 632 N.E.2d 599, 602 (Ohio Ct. App. 1992). Jayson Cody has not presented any evidence that Allstate's decision to refusal to pay the Codys' claim was totally arbitrary and capricious. Therefore, Allstate is entitled to summary judgment on any claim of punitive damages by Jayson Cody.

Based on the foregoing, Allstate's Motion for Summary Judgment is DENIED in PART and GRANTED in PART.

### D. Jayson Cody's Motion for Summary Judgment

Jayson Cody moves for summary judgment on his claim under the insurance contract. The Court finds that the same genuine issues of material fact which preclude a grant of summary judgment on behalf of Allstate, also preclude granting summary judgment in Jayson Cody's favor. For this reason, Jayson Cody's Motion for Summary Judgment is DENIED.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Third Party Defendant Jayson Cody's Motion to Strike Affidavits of Schockman and Jones (Doc. 42) is **DENIED**;

2. Defendant Allstate Indemnity Company's Motion for Summary Judgment (Doc. 31) is **DENIED in PART and in GRANTED in PART**;

    a. Allstate's Motion is granted as to the claim of Jayson Cody for punitive damages, but denied in all other respects; and

3. Third Party Defendant Jayson Cody's Motion for Summary Judgment (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**

                                      */s/ Michael R. Barrett*
                                      Michael R. Barrett, Judge
                                      United States District Court